UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **LA TISHA BOWIE, ON BEHALF OF DECEDENT JUANITA BOWIE,** individually and on behalf of all others similarly situated | **CIVIL ACTION NO.** |
| **VERSUS** | **JUDGE** |
| **COMMCARE CORPORATION d/b/a OLD BROWNLEE COMMUNITY CARE CENTER AND COMMCARE MANAGEMENT CORPORATION** | **MAGISTRATE JUDGE** |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1331, 1332, 1367, 1441, 1446 and 1453, Defendants CommCare Corporation d/b/a Old Brownlee Community Care Center ("CommCare Corporation") and CommCare Management Corporation ("CommCare Management") (collectively "Defendants"), without waiving and specifically reserving any and all rights, defenses, objections and exceptions, hereby gives notice of its removal of the above-captioned matter from the 26th Judicial District Court for the Parish of Bossier, State of Louisiana, to the United States District Court for the Western District of Louisiana, and respectfully represents as follows:

## BACKGROUND

1.

Plaintiff La Tisha Bowie ("Plaintiff") filed the present suit on behalf of Juanita Bowie against Defendants on or about December 12, 2023 in the 26th Judicial District Court for the Parish of Bossier, State of Louisiana, Civil Action No. C-171752. The suit is entitled "Class Action Petition for Damages and Injunctive Relief" ("Class Action Petition"). A copy of the Class Action Petition is attached as Exhibit 1.

2.

Plaintiff is the only named plaintiff and Defendants are the only named Defendants in the Class Action Petition.

3.

Plaintiff alleges that she is a "person of the full age of majority domiciled in the State of Louisiana . . ." Class Action Petition, p. 1.

4.

The Class Action Petition incorrectly alleges that CommCare Corporation is a "domestic limited liability company." Class Action Petition, ¶ 1. CommCare Corporation is a Louisiana corporation with its principal place of business in Louisiana.

5.

The Class Action Petition incorrectly alleges that CommCare Management is a "domestic limited liability company." Class Action Petition, ¶ 1. CommCare Management is a Louisiana corporation with its principal place of business in Louisiana.

6.

Plaintiff contends that Juanita Bowie resided at the Old Brownlee Community Care Center in Bossier City, Louisiana, allegedly owned and operated by Defendants, at some undefined point within the 12-month period preceding the filing of the Class Action Petition. Class Action Petition, ¶ 4.

7.

The gist of the Class Action Petition is that Defendants allegedly failed to have the "sufficient 'nursing service personnel'" as required by federal and state law to provide for Juanita Bowie's needs.

8.

Plaintiff alleges that Defendants fraudulently represented that they had sufficient nursing personnel under the federal and state standards and allegedly concealed facts to the contrary.

9.

As remedies, Plaintiff seeks rescission, damages, a mandatory injunction, and attorney's fees.

10.

Several similar cases have been filed in Louisiana federal and state courts under similar legal theories against other nursing facilities. In contrast to the allegations in the other cases that were filed originally in state court and defendants sought to remove to federal court[1], the allegations in the present case expressly allege on the face of the petition that Defendants allegedly violated federal law. *See, e.g.,* Petition, ¶ 33 ("it is alleged that the FACILITY was inadequately staffed as to 'nursing service personnel' *in violation of* La. R.S. 40:2010.8(A)(7) and applicable federal and state regulations, *including . . . 42 C.F.R. § 483.35*") (emphasis added); *see also* Class Action Petition, ¶¶ 9, 11, 19, 22, 24, 28, 54.

11.

According to the Class Action Petition, "as it relates to federal law, 42 C.F.R. § 483.35 states that a skilled nursing facility '[m]ust have sufficient nursing staff to provide nursing and related services to attain or maintain the highest practical physical, mental, and psychological well-being of each resident, as determined by resident assessments and individual plans of care and

---

[1] *See, e.g., Johnson v. Roseview Nursing & Rehabilitation Center LLC,* 22-1423 (W.D. La.); *Davis v. PMG OPCO-Guest House LLC,* 22-1447 (W.D. La.).

considering the number, acuity and diagnoses of the facility's resident population in accordance with the facility assessment required at § 483.70(e).'" Class Action Petition, ¶ 26.

12.

Notably, Plaintiff filed an essentially identical suit – asserting the same federal claim allegations – against another nursing facility on behalf of Juanita Bowie. Plaintiff filed that suit in federal court. *See Bowie v. Heritage Manor West, LLC,* 23-1750 (W.D. La.).

13.

Plaintiff brings the claims in the Class Action Petition on behalf of Juanita Bowie individually and on behalf of a putative class defined as:

> All persons, including current residents, who resided in (or continue to reside in) Old Brownlee Community Care Center from ten years prior to the filing of this action through the date of the final disposition of this action . . .

Class Action Petition, ¶ 40. The Class Action Petition also contains two subclasses with similar, related definitions. *Id.*

## JURISDICTION

This Court has subject matter jurisdiction over this case on multiple grounds.

### I. CLASS ACTION FAIRNESS ACT

14.

This Court has diversity jurisdiction under 28 U.S.C. § 1332(d), known as the Class Action Fairness Act ("CAFA").

15.

Jurisdiction exists under CAFA if the underlying lawsuit alleges that the matter is a class action, the class has more than 100 members, any member of the class is a citizen of a state different

from any defendant, and the matter Plaintiff has placed in controversy exceeds the sum or value of $5 million, exclusive of interest and costs.  28 U.S.C. § 1332(d)(2) and (d)(5)(B).

16.

In the Petition, Plaintiff expressly seeks to certify the matter as a class action, and she expressly alleges that the class exceeds more than 100 members.  Class Action Petition, ¶¶ 39, 42.

17.

In addition, any member of the class is a citizen of a state different from Defendants.  The class set out in the Class Action Petition, on its face, includes class members regardless of their state of citizenship.  Indeed, it purports to include every individual who has ever resided at any point in time at the Old Brownlee Community Care Center in Bossier City, Louisiana (bordering Texas and Arkansas) over the past 10 years. Only one resident or former resident of the facility over the past 10 years needs to be a non-Louisiana citizen in order to satisfy CAFA jurisdiction.  CAFA's "minimal diversity" requirement is clearly met here.

18.

Finally, the amount Plaintiff has placed in controversy exceeds the sum or value of $5 million, exclusive of interest and costs.  The follow examples, individually and in combination, demonstrate this.

19.

Defendants deny any and all liability and/or that Plaintiff and that any class member is entitled to any remedy.  Nonetheless, because CAFA jurisdiction is based on the allegations made by Plaintiff, the sum or value of the controversy exceeds $5 million inasmuch as, by way of example only, Plaintiff seeks rescission and damages for hundreds of individuals over a 10-year period.  This creates a controversy far exceeding the jurisdictional threshold.

20.

In addition, Plaintiff seeks sweeping mandatory injunctive relief with ten separate requirements. The five years' worth of requirements include (according to Plaintiff): making Defendants hire additional staff; creating intrusive, bureaucratic, and ongoing reporting requirements to regulatory authorities and the Court; creating and conducting quarterly surveys; changing the paperwork the Defendants provide to current and future residents; forcing Defendants to agree that any resident can file an action against Defendants and Defendants must agree to a $5,000 fine in each case; and forcing Defendants to create a new annual training program for employees.

21.

Finally, Plaintiff seeks recovery of attorney's fees which would be an additional 30% or so of any class recovery.

22.

Thus, the requirements for CAFA jurisdiction are satisfied. No CAFA exception is relevant or applicable.

## II.   FEDERAL QUESTION JURISDICTION

23.

This Court has federal question jurisdiction over this case pursuant to 28 U.S.C. § 1331, as well as supplemental jurisdiction over any non-federal claim(s) pursuant to 28 U.S.C. § 1367.

24.

Federal question jurisdiction generally arises in one of two situations. First, a Court has federal question jurisdiction if "a federal question appears on the face of the plaintiff's well-pleaded complaint." *Settlement Funding, LLC v. Rapid Settlements, Ltd.*, 851 F.3d 530, 535 (5th Cir. 2017). Second, a court has federal question jurisdiction where a case arises under a state law

claim if "(1) a federal right is an essential element of the state claim, (2) interpretation of the federal right is necessary to resolve the case, and (3) the question of federal law is substantial." *Id.*

25.

In the present case, Plaintiff has expressly alleged a violation of federal law on the face of the Class Action Petition. Indeed, as noted above, Plaintiff went out of her way to expressly allege that Defendants are violating federal law, in stark contrast to allegations in other similar cases against nursing home facilities.

26.

Thus, this Court has jurisdiction over this matter on the basis of federal question jurisdiction under either prong of the federal question jurisdiction test.

27.

The Court also has supplemental jurisdiction over any state law claim under supplemental jurisdiction principles.

## **REMOVAL IS TIMELY AND PROPER**

28.

Plaintiff filed the Class Action Petition on December 12, 2023, but CommCare Corporation was not served until December 20, 2023 and CommCare Management was not served until December 20, 2023. *See* Exhibit 2. Thus, this Notice of Removal is timely because it is being filed within thirty (30) days of service of the Class Action Petition on Defendants.

29.

Venue is proper in this Court, as the 26th Judicial District Court for the Parish of Bossier, State of Louisiana, is located within the district of the Western District of Louisiana. 28 U.S.C. § 98(c).

30.

Pursuant to 28 U.S.C. §§ 1446 and 1453, a copy of all process, pleadings and orders served on Defendants prior to removal are attached to this Notice of Removal as Exhibits 1 and 2.

31.

Undersigned counsel certifies that a Notice of Filing of this removal, along with a copy of this Notice of Removal, will be promptly filed with the Clerk of the 26th Judicial District Court for the Parish of Bossier, State of Louisiana. Also, Defendants will promptly provide notice of the filing of this Notice of Removal to counsel for Plaintiff.

32.

Based on the foregoing, this Court has original jurisdiction of this case. Removal of this action to this Court is proper pursuant to 28 U.S.C. §§ 1331, 1332, 1367, 1441, 1446 and 1453.

WHEREFORE, defendants CommCare Corporation d/b/a Old Brownlee Community Care Center and CommCare Management Corporation respectfully pray this Notice of Removal be deemed good and sufficient.

Respectfully submitted,

*/s/ Thomas A. Casey, Jr.*
THOMAS A. CASEY, JR. (No. 01291)
Jones Walker LLP
201 St. Charles Avenue, 49th Floor
New Orleans, LA 70170
Telephone: 504-582-8294
Facsimile: 504-589-8294
E-mail: tcaseyjr@joneswalker.com

*/s/ Blair Bright*
BLAIR BRIGHT (No. 27393)
The Bright Law Firm, LLC
110 Veterans Blvd Suite 525
Metairie, Louisiana 70005
Telephone: 504-322-3945

Facsimile: 504-322-3946
E-mail: blair@cblairbright.com

Attorneys for Defendants, CommCare Corporation d/b/a Old Brownlee Community Care Center and CommCare Management Corporation

## CERTIFICATE OF SERVICE

I hereby certify that on this 19th day of January, 2024, a copy of the foregoing pleading was filed electronically with the Clerk of Court of the United States District Court for the Western district of Louisiana by using the electronic filing system and that a copy of the foregoing pleading will be served expeditiously by email upon counsel for Plaintiff.

*/s/ Thomas A. Casey, Jr.*
THOMAS A. CASEY, JR.